# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40717
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERBERT LIMBI VILLAGRAN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-134-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Herbert Limbi Villagran appeals the sentence imposed following his guilty-plea conviction for transportation of illegal aliens by means of a motor vehicle for private financial gain. Villagran argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2L1.1(b)(6) after finding that the offense "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." The question whether a defendant's conduct creates a substantial risk of death or serious bodily injury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a legal question, and therefore is reviewed de novo. United States v. Solis-Garcia, 420 F.3d 511, 514 (5th Cir. 2005).

The record reflects that Villagran was driving a tractor trailer carrying five illegal aliens. Three of the five aliens were inside of a box under the bunk of the sleeping compartment. The box under the bunk was not intended for human travel. Because the aliens were in a closed compartment, the aliens could not easily communicate with the driver of the vehicle. Moreover, if the tractor trailer had been involved in an accident, no one would think to look for injured passengers in the compartment under the bunk. Given that three of the five aliens that Villagran concealed under the bunk in the sleeper compartment faced a greater risk than ordinary passengers traveling without seatbelts, the district court's adjustment under § 2L1.1(b)(6) was not error. Id. at 516 (5th Cir. 2005).

AFFIRMED.